Rudolph C. Planeta v. Commissioner.
Planeta v. Commissioner
Docket No. 2459.
United States Tax Court
1944 Tax Ct. Memo LEXIS 243; 3 T.C.M. (CCH) 490; T.C.M. (RIA) 44164; May 19, 1944
*243 Petitioner kept his books on the accrual basis but filed his income tax return on the cash basis. Respondent audited his books for the year 1939, found his net income to be a certain amount on the accrual basis, added thereto amounts representing accounts receivable and inventory on January 1, 1939, and deducted items representing accounts, expenses and royalties payable on that date. His action in so doing is approved. David Zuckerman, C.P.A., 60 Park Place, Newark, N.J., and Louis Auerbacher, Jr., Esq., for the petitioner. Francis X. Gallagher, Esq., for the respondent. VAN FOSSAN Memorandum Findings of Fact and Opinion The respondent determined a deficiency of $4,175.52 in the petitioner's income tax for the year 1939. The single issue is whether or not the Commissioner was justified in adding to the taxpayer's income certain accounts receivable accrued on January 1, 1939, and petitioner's opening inventory on that date, when computing, on the accrual basis, the income of the petitioner, whose books were kept on that basis but who filed his income tax returns for 1939 and previous years on the cash basis. Findings of Fact The facts were stipulated as follows: 1. Petitioner *244 is an individual doing business under the trade name and style of Artistic Wire Products Company and Meriden Wire Frame, with a place of business at 1233 St. George Avenue, Linden, New Jersey. 2. The petitioner filed his income tax return for the taxable year ended December 31, 1939, with the Collector of Internal Revenue for the Fifth Collection District of New Jersey on March 15, 1940. 3. The notice of deficiency herein was sent to the petitioner by registered mail on May 11, 1943, and such notice was sent within the period for assessment of any deficiency as extended by consent of the petitioner duly executed by petitioner and the Commissioner of Internal Revenue. 4. The tax in controversy herein is income tax for the taxable year ended December 31, 1939, in the amount of $4,175.52. 5. Prior to January 1, 1936, the petitioner kept his books of account on the cash basis. 6. Since January 1, 1936, and to and including December 31, 1939, petitioner kept his books of account on the accrual basis. 7. The accrual method of accounting was the proper method of accounting for petitioner's business for the taxable year in question. 8. Petitioner reported his income for tax purposes *245 for the taxable years 1936 to 1939, inclusive, on the cash basis. 9. Petitioner's income for income tax purposes should have been reported for the taxable year in question on the accrual basis in accordance with the method of accounting employed by petitioner in his business 10. The respondent in determining petitioner's income from business for the taxable year ended December 31, 1939, determined said income to be the sum of $41,006.21, being an increase of $18,752.16 over the sum of $22,254.05 reported by the petitioner in his return for said year as business income. 11. Said increase of $18,752.16 so determined by respondent was computed by respondent in the notice of deficiency as follows: "1939 Income per books (accrual basis)
$19,806.70
Add: Items not previous [previously] reported on return as income: (1) Accounts receivable 1/1/39
$29,624.70
(2) Inventory 1/1/39
3,390.00
(3) Total income not previously reported
33,014.70
(4)
$52,821.40
Less: Items not previously deducted on return as expenses: (5) Accounts payable 1/1/39
$ 5,539.60
(6) Accrued expenses payable 1/1/39
1,043.19
(7) Accrued royalties payable 1/1/39
5,232.40
Total expenses not previously deducted
11,815.19
Total income after adjustment to accrual method
$41,006.21
Business income per return
22,254.05
Total adjustment
$18,752.16"
*246 12. In petitioner's business inventories are necessary factors in computing income. 13. In computing income from business as reported by petitioner in his return for the taxable year in question, petitioner did not employ inventories as factors in computing income. 14. That the amounts of gross and net income reported by petitioner in his return for the taxable year did not conform to the amounts of gross and net income as contained in the books of petitioner. 15. Respondent also disallowed as a claimed deduction from gross income royalties in the sum of $293.26 due to petitioner's brothers, which remained unpaid 2 1/2 months after the close of the taxable year, and petitioner does not place such disallowance in controversy in this proceeding. Opinion VAN FOSSAN, Judge: This case presents a unique picture. Petitioner kept his books on the accrual basis and stipulates that the accrual method of accounting was the proper method for his business. Petitioner made his returns, however, on the cash basis but stipulates that his income should have been reported on the accrual basis in accordance with the method of accounting employed by him in his business. Respondent changed petitioner's *247 returns from the cash to the accrual basis, which petitioner agrees is a proper change. Petitioner, however, objects to the consequences of the change and specifically to the addition to income of accounts receivable on January 1, 1939 and opening inventory on the same date. Petitioner gives us no facts respecting the item, accounts receivable, other than to recite what the Commissioner did. He stipulates that "in petitioner's business inventories are necessary factors in computing income" and that he failed to employ inventories in his computation but he, nevertheless, objects to the respondent's action in adding the opening inventory to income. Petitioner further stipulates that the amounts of gross and net income reported by him do not conform to the books. The facts appearing in the above stipulation are all of the facts that we have before us. In this situation we have no alternative to holding that petitioner, who has the burden of proof, has failed to demonstrate error in respondent's action. A presumption of correctness is accorded the respondent's determination. The errors complained of are not apparent on the mere recital of respondent's computation. Allegations of error *248 are not self-proving. The production of evidence to establish the alleged errors was part of petitioner's burden. On the stipulated facts we can not hold that respondent has acted erroneously. Decision will be entered for the respondent.